**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

JOHN PAUL COX, JR.

VERSUS

CIVIL ACTION
NO. 12-306-SDD-SCR

COLUMBIA CASUALTY
COMPANY, ET AL.

## RULING

This matter is before the Court on the *Motions for Separate Trials*[1] by the Defendants, Willie Graves, former Sheriff of Livingston Parish, State of Louisiana, Jason Ard, Sheriff of Livingston Parish, Joel Arnold, and Columbia Casualty Company ("Defendants"). Plaintiff, John Paul Cox, Jr. ("Plaintiff"), opposes this motion.[2] After consideration of the arguments presented by the parties in this matter, the Court finds that bifurcation of the trial of Defendant Arnold from the trial of the remaining Defendants would promote justice and judicial economy under the facts of this case.[3]

A court may bifurcate a trial "[f]or convenience, to avoid prejudice, or to expedite and economize" the proceedings.[4] "[W]hether to bifurcate a trial ... is always a question committed to the sound discretion of the trial court, and the court is expected to exercise

---

[1] Rec. Doc. Nos. 53 & 56.

[2] Rec. Doc. No. 57.

[3] The factual background of this case is well-stated in the Court's *Ruling* granting in part and denying in part the *Motions for Summary Judgment* filed previously and will not be re-stated in this opinion. Rec. Doc. No. 42.

[4] Fed. R. Civ. Pro. 42(b).

Doc 2047            1

its discretion on a case-by-case basis.[5]  "[S]eparate trials should be the exception, not the rule."[6]

The primary argument by Defendants in favor of bifurcation is that trying Plaintiff's claims against the municipal Defendants with his claims against Defendant Arnold may result in unfair prejudice against Arnold because evidence that may be admissible against the municipal Defendants, but may not be admissible against Arnold, would be heard by the jury in the same trial.  Defendants further contend that, if the jury finds Arnold not liable for the federal claims, the municipal Defendants cannot be liable for those claims as a matter of law. Defendants also argue that, because the legal standards to be applied by the jury in the case against Arnold and the municipal Defendants are different, there is a high risk of jury confusion.

Plaintiff opposes the bifurcation primarily arguing that Defendants ignore the state law claims against Arnold and the municipal Defendants.  Plaintiff also points to jurisprudence which disfavors the piecemeal resolution of claims through multiple trials and contends that bifurcation would be inefficient and uneconomical.

The Court has carefully considered the arguments by all parties in this matter and has reviewed decisions involving bifurcation with similar fact patterns as this case. Although the Court is not making any evidentiary rulings in this opinion, it stands to reason that some evidence might be admitted during the case against the municipal Defendants that might not be admissible as to Defendant Arnold and would thus be prejudicial to

---

[5] *Laitram Corp. v. Hewlett–Packard Co.*, 791 F.Supp. 113, 114 (E.D.La. 1992).

[6] *Id.*

Defendant Arnold. The Court also agrees with Defendants that, if the jury finds no liability as to Arnold for the Section 1983 claims, the municipal Defendants cannot be held liable under Section 1983 under the facts of this case. "The Supreme Court has explained that a municipality cannot be liable '[i]f a person has suffered no constitutional injury at the hands of the individual police officer.'"[7] While other courts have cautioned that a municipality may still be liable if the alleged injuries are not "solely attributable to the actions of named individual defendants," the Court finds that Plaintiff's alleged injuries from his failure-to-train and negligent hiring/retention claims stem solely from the alleged conduct of Defendant Arnold on the night in question. Nothing in Plaintiff's *Opposition* disputes this contention.

Indeed, Plaintiff is correct that, should the jury find Defendant Arnold liable for the state law intentional tort claims, the jury may also find the municipal Defendants vicariously liable for those intentional torts under Louisiana Revised Statute 9:2789.1. However, if the jury finds that Defendant Arnold is not liable for the state law intentional torts, the immunity available to the municipal Defendants under La. R.S. 9:2789.1 would preclude a jury finding to the contrary. For this reason, Plaintiff's *Motion to Strike Defense*[8] is denied.

The Court believes that bifurcation is appropriate in this case to protect Defendant Arnold from the potential prejudice that might result if a jury heard evidence regarding the municipal Defendants' allegedly unconstitutional policies and/or actions that might be

---

[7] *Bustos v. Martini Club, Inc.*, 599 F.3d 458, 467 (5th Cir. 2010), quoting *City of Los Angeles v. Heller,* 475 U.S. 796, 799, 106 S.Ct. 1571, 89 L.Ed.2d 806 (1986). *But see Brown v. Lyford,* 243 F.3d 185, 191 n. 18 (5th Cir.2001) (explaining that a municipality may be liable if a plaintiff states a claim against an official but the official is protected by qualified immunity).

[8] Rec. Doc. No. 61. The Court has considered all arguments relating to this motion.

inadmissible as to Defendant Arnold.  The Court also finds, given the various state and federal claims asserted and the differing standards associated therewith, that bifurcation would serve to avoid a strong likelihood of jury confusion.

Therefore, for the reasons set forth above, the Court finds that bifurcation under Rule 42(b) of the Federal Rules of Civil Procedure is warranted and in the interests of justice and judicial economy to reduce the risk of prejudice and confusion.  Defendants' *Motions for Separate Trial*[9] are GRANTED.  Plaintiff's claims against Defendant Arnold will be tried first.  If the jury finds that any of Plaintiff's constitutional rights have been violated or state law intentional torts have been committed against Plaintiff, the trial will proceed before the same jury with respect to the liability of the municipal Defendants.[10]  Plaintiff's *Motion to Strike Defense*[11] is DENIED.   A separate notice will be issued setting this trial for March 23, 2015 through April 2, 2015, with the claims against Defendant Arnold to be decided first in accordance with this opinion.

**IT IS SO ORDERED.**

Signed in Baton Rouge, Louisiana, on <u>October 28, 2014</u>.

*/s/ Shelly D. Dick*

**JUDGE SHELLY D. DICK
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**

---

[9] Rec. Doc. Nos. 53 & 56.

[10] The Court makes no ruling with respect to whether any potential Rule 404(b) evidence may or may not be admissible at trial against any party.  The parties will have the opportunity to file the appropriate motions at the appropriate time.

[11] Rec. Doc. No. 61.