# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

JOHN PAUL COX, JR.

CIVIL ACTION
VERSUS                                    NO. 12-306-SDD-SCR

COLUMBIA CASUALTY
COMPANY, ET AL.

## RULING

This matter is before the Court on the *Motion in Limine to Exclude Witnesses and Exhibits Not Identified or Disclosed During Discovery*[1] by the Defendants Willie Graves, former Sheriff of Livingston Parish, State of Louisiana, Jason Ard, Sheriff of Livingston Parish, Joel Arnold, and Columbia Casualty Company ("Defendants"). Plaintiff, John Paul Cox, Jr. ("Plaintiff") has filed an *Opposition*[2] to this motion.

For the following reasons the Defendant's Motion is granted in part and denied in part, as set forth below.

This case was filed in May of 2012. Trial was originally set for March of 2014, has been twice continued and is now set for a two week trial commencing on March 23, 2015. A final Pretrial Conference was held on March 10, 2015 at which time pending Motions in Limine were discussed. The Court issued a minute entry[3] disposing of several Motions in Limine and referring others, including the instant Motion to the merits. Upon further consideration, the Court deems the interests of justice and fundamental fairness, and in order to enable the parties to effectively prepare for trial

---

[1] Rec. Doc. Nos. 82 & 91
[2] Rec. Doc. No. 103
[3] Rec. Doc. 111

requires the Court to rule on the Defendants *Motion in Limine to Exclude Witnesses and Exhibits Not Identified or Disclosed During Discovery* prior to trial.

Rule 37(c) provides: "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed.R.Civ.P. 37(c)(1). A district court has wide discretion in determining whether exclusion is warranted.[4] In evaluating the propriety and necessity for exclusion of evidence pursuant to Rule 37(c) the Court looks to: "(1) the importance of the evidence; (2) the prejudice to the opposing party of including the evidence; (3) the possibility of curing such prejudice by granting a continuance; and (4) the explanation for the party's failure to disclose."[5]

The reasons offered by Plaintiff for his failure to timely produce documents and identify witnesses are weak, at best. When asked at the Pretrial Conference why he failed to produce the documentary evidence or to identify witnesses included in the Pretrial counsel responded, "I don't know". In Opposition[6] the Plaintiff argued that "[a]ll of the witnesses and exhibits [made the subject of the Motion in Limine] were all available to [Defendants] and disclosed to them in this case and *the other cases involving the same defendants.*"[7] Plaintiff submits that "[t]hese are the same materials . . . . contained in the pretrial orders filed in *Livermore* and *Hoffpauir.*"[8] Plaintiff also contends that the Defendants deposed some of the witnesses sought to be excluded, in

---

[4] *CQ, Inc. v. TXU Min. Co., L.P.,* 565 F.3d 268, 277 (5th Cir.2009)
[5] *Texas A & M Research Found. v. Magna Transp., Inc.,* 338 F.3d 394, 402 (5th Cir.2003); *Patterson v. Houston Indep. Sch. Dist.,* 570 F. App'x 367, 369 (5th Cir. 2014)
[6] Rec. Doc. 103
[7] Id. p. 13
[8] Other civil matters previously on the docket on this District.

other civil matters. Owing largely to discovery made in other cases, Plaintiff contends that the Defendants are not prejudiced by the failure to make disclosures of evidence and the failure to identify witnesses in this case. Finally, Plaintiff argues that the documentary evidence sought to be excluded was offered in support or opposition to Motions for Summary Judgment and therefor the Defendants are neither surprised nor prejudiced. "Defendants acknowledge that some of these exhibits were submitted in opposition to the motions for summary judgment filed in this matter."[9]

Defendants urge prejudice arguing that they were precluded from deposing, in this case, the witnesses identified by Plaintiff for the first in the Pretrial Order. Defendants contend that had they known of the plaintiff's intention to call the witnesses identified for the first time in the pretrial order they "would have identified during discovery countless additional exhibits and witness, and listed these on the pretrial order, that are necessary to effectively rebut the testimony of the recently identified witnesses."[10] Defendants also argue that they "would have conducted additional discovery and identified additional evidence that would tend to prove that the claims of Mr. Livermore are not substantiated, that no violation of Mr. Livermore's or Ms. Cervizzi's constitutional rights ever occurred, and that the incident was not credible enough to warrant discipline, training, or termination of Deputy Arnold."[11]

The Court is unpersuaded that discovery and Pretrial Orders in *other cases* excuses the Plaintiff's obligation to timely disclose the identity of witnesses and exhibits *in this case*. Considering the tenable argument of prejudice advanced by the Defendants juxtaposed against Plaintiff's inadequate excuse for the failure to disclose

---

[9] Rec. Doc. 92-1, p. 12
[10] *Id.* p. 8
[11] *Id.* p. 9

witnesses, the Court hereby GRANTS the Defendant's Motion to exclude witnesses not previously identified by the Plaintiff. The Court finds that the Defendants are not unfairly prejudiced by the Plaintiff's exhibits that were offered in support or opposition to Summary Judgment in this case and accordingly Defendants Motion to exclude documentary evidence is DENIED as to those exhibits.

**IT IS SO ORDERED.**

Signed in Baton Rouge, Louisiana, on March 16, 2015

**JUDGE SHELLY D. DICK**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**